IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2003 Session

## SQUEEKY CLEAN LAUNDRIES, INC. v. DAVID E. HARVEY, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-2837-II      Carol McCoy, Chancellor**

---

**No. M2002-00538-COA-R3-CV - Filed July 11, 2003**

---

This appeal arose after the trial court dismissed Squeeky Clean Laundries, Inc.'s action against David E. Harvey, et al. for failure to prosecute. Because there was no proof of a willful violation of a court order, we find that the trial court abused its discretion. We reverse the trial court's decision and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

L. CRAIG JOHNSON, SP. J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and WILLIAM B. CAIN, J. joined.

Jeffrey Greene and Gregory Oakley, Nashville, Tennessee, for the appellant, Squeeky Clean Laundries, Inc.

Thomas F. Mink, II, Nashville, Tennessee, for the appellees, David E. Harvey, individually, Campus Concepts, Inc., formerly d/b/a Harvey Washbangers.

**MEMORANDUM OPINION**[1]

This is a fraudulent and negligent misrepresentation case arising from the sale of a business enterprise. The plaintiff/appellant filed its complaint on October 5, 1999. The case had a two year history of litigation, which included motion practice and discovery disputes. Originally the plaintiff had retained Harry Miller to represent it in this action. In June 2001, Mr. Miller informed the plaintiff that he was going to withdraw. The plaintiff asked Mr. Miller to continue representing it,

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and he declined. Mr. Miller led the plaintiff to believe that he had another lawyer considering "taking the case." After several inquiries of Mr. Miller the plaintiff sought new counsel to represent it in this matter. Plaintiff's effort finally resulted in the hiring of plaintiff's present counsel on November 5, 2001. On May 10, 2001, pursuant to local rules, the trial court entered an order stating that the case would be dismissed for failure to prosecute if no scheduling order was entered on or before June 15, 2001. Before June 15, 2001, plaintiff's original counsel, Mr. Risner and Mr. Miller, filed motions to withdraw. The trial court entered an order on July 3, 2001, granting the motions to withdraw and ordered plaintiff to obtain new counsel or proceed *pro se* within thirty (30) days. On October 17, 2001, the trial court entered a *sua sponte* order without a hearing dismissing the case for "failure of the plaintiff to obtain new counsel and surety and proceed with the case." Finally, on November 16, 2001, the plaintiff was able to secure Mr. Oakley and Mr. Greene as new counsel, and it filed a Rule 60 and Rule 59 motion to set aside the order of dismissal. At a hearing on January 11, 2002, the trial court denied plaintiff's motion and dismissed the case pursuant to the October 17, 2001, order.

The Supreme Court has stated that cases should be decided on their merits whenever possible. See *Bates v. Sanders*, 79 S.W.2d 41, 42 (Tenn. 1935). However, Tennessee courts have recognized that "trial judges must be able to control their dockets . . . they must have available the most severe spectrum of sanctions not merely to penalize those whose conduct warrants sanctions but also to deter others who might be tempted to engage in similar conduct if the sanction did not exist." *Manufacturers Consolidation Service, inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn. Ct. App.), *perm. to app. denied*, (Tenn. 2000). Nonetheless, the Court went on to state "dismissal is a harsh sanction that generally is not favored in circumstances where lesser sanctions are available." *Id.*

The defendants/appellees argue that the dismissal in this case was the proper sanction imposed by the trial court for plaintiff's alleged improper discovery practices of the previous two years. However, from a review of the transcript, motions, orders, and the record it is clear this case was dismissed by a *sua sponte* motion and order of the trial court based upon the plaintiff's failure to abide by the July 3, 2001 order. First, this Court notes that it is impossible under the laws of this state for a corporation to represent itself *pro se*. In addition, the record before the Court is uncontradicted that the plaintiff diligently tried to secure new counsel. It was unable to do so before November 2001. This Court does not condone willful failure to comply with discovery or intentional actions to delay litigation as alleged by the defendant. However, the sole basis of the dismissal found in the trial court's order was the plaintiff's failure to comply with its July 3, 2001, order requiring plaintiff to obtain new counsel within thirty days. Rule 60 requires relief under circumstances of inadvertence or excusable neglect. It also requires relief for any other reasons justifying relief from the operation of the judgment. This Court believes that upon plaintiff's new counsels' filing of a Rule 60 motion, the trial court should have granted such relief. Given the Supreme Court's due process mandate to determine cases on their merits, this Court believes that the failure of the plaintiff, through no apparent fault of its own, to obtain new counsel within the time mandated by the trial court is insufficient by itself to warrant such a harsh sanction. Based upon the above findings, we believe the trial court acted outside its discretion in this matter. We

therefore reverse and remand the decision of the trial court for further proceedings.  Costs on appeal are taxed to the appellees.

_____
L. CRAIG JOHNSON, SPECIAL JUDGE